UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE LEE,<br><br>              Plaintiff,<br><br>     v.<br><br>MCALLISTER OLIVARIUS,<br><br>              Defendant. | Case No. 23-cv-04561-LJC<br><br>**ORDER RE: CASE MANAGEMENT CONFERENCE** |

A Case Management Conference (CMC) was held in this case on August 15, 2024. Plaintiff Jane Lee did not file a Case Management Statement prior to the CMC, but, during the CMC, she informed the Court that she has not yet served Defendant McAllister Olivarius. While Defendant appears to have offices in both New York and in the United Kingdom, Plaintiff informed the Court that she believes she must serve Defendant at their office located in the UK through the UK's Central Authority. *See* Comp. ¶ 2 (ECF No. 1); ECF No. 13 at 2. The Court notes that Plaintiff has not yet obtained a summons from this Court.

The Court refers Plaintiff to Federal Rules of Civil Procedure 4(h), which specifies that a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States: "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant" or by "following *state law* for serving a summons in […] *in the state where the district court is located* or where service is made." *Id*. at 4(h)(1), 4(e)(1) (emphasis added). California Code of Civil Procedure sections 415 and 416 address how, under California law, a summons may be served, and include the requirements for serving the summons on an out-of-state business entity.

The Court encourages Plaintiff to seek free legal assistance from the Northern District's Legal Help Center as she proceeds with this litigation. The Legal Help Center can be reached by calling (415) 782-8982 or by emailing fedpro@sfbar.org, and appointments can be held in-person or remotely. Plaintiff may also wish to consult the resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se-litigants/, including the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants." This manual for pro se litigants can be downloaded from the Court's website, https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_4-2024_MBB.pdf, or obtained free of charge at the Legal Help Center's Office, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California 94102.

The Court directs Plaintiff to pages 11-15 of the manual, which address how to obtain a summons and how to serve the summons and complaint on the defendant, including when the defendant is a business entity or is located out of the country. The Court further directs Plaintiff to pages 17-18 of the manual, which provide instructions on how to e-file documents.

The Court extends the time for Plaintiff to serve the Complaint to February 11, 2025. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . [may] order that service be made within a specified time."). The Court advises Plaintiff that if Plaintiff does not serve Defendant by that date, it will issue an Order to Show Cause as to why this action should not be dismissed for failure to prosecute.

Finally, Plaintiff requested that the Court grant leave for her to hire an attorney to assist her only with completing service. Her request does not appear to be a request for appointment of pro bono counsel for limited-scope representation. A court order permitting her to hire her own attorney for limited scope representation does not appear to be necessary. Within ethical bounds, limited scope representation is permitted. *See* Cal. Rules of Prof. Conduct, Rule 1.2(b) (Establishing that a "lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances, is not otherwise prohibited by law, and the client gives informed consent."); *Franklin v. McDonough*, No. 21-cv-06328-VKD, 2022 WL 901544, at *2 (N.D. Cal. Mar. 28, 2022) ("In the Northern District of California, the conduct of counsel is

governed by the standards of professional conduct required of members of the State Bar of California, including the Rule of Professional Conduct of the State of California.") (citations omitted). Ghost-writing, however, is not permitted. *See Ricotta v. California*, 4 F.Supp.2d 961, 985-88 (S.D. Cal. 1998) (holding that it was improper for an attorney to write "seventy-five to one hundred percent" of the plaintiff's legal arguments, where the plaintiff had represented to the court and defendants that he was a pro se litigant); *Bernal v. Rodriguez*, No. 16-cv-00152-CAS (DTBx), 2016 WL 1610597, at *3 n.5 (N.D. Cal. Apr. 20, 2016) ("Ghostwriting pleadings for pro se litigants is, of course, wholly inappropriate and potentially sanctionable conduct.").

**IT IS SO ORDERED.**

Dated: August 21, 2024

LISA J. CISNEROS
United States Magistrate Judge